UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BRENDA TURNER** | **CIVIL ACTION NO. 1:21-CV-01728** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL DISTRESS CLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (the "Motion") filed by Defendant, United Property & Casualty Insurance Company ("UPC"). [Doc. 8]. For reasons which follow, the Motion is GRANTED IN PART and DENIED IN PART.

### FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out of alleged property damage caused by Hurricane Laura, which made landfall in Louisiana on August 27, 2020. Plaintiff, Brenda Turner ("Turner"), alleges that the house she owns in Rapides Parish sustained substantial rain, hail, wind, and debris damage from Hurricane Laura. [Doc. 1-2 ¶ 7]. Subsequently, Turner filed an insurance claim with her home insurer, UPC, to obtain coverage for the damage sustained to her house. [*Id.* ¶¶ 6, 8].

UPC purportedly sent agents to inspect Turner's property and thereafter provided her an estimate of the damage. [*Id.* ¶ 9]. According to Plaintiff, UPC's estimate "was grossly inadequate in size and scope," "failed to address substantial damage to the roof," and "significantly underestimated the costs of repair." [*Id.*].

1

Dissatisfied with UPC's estimate, Turner independently engaged roofing contractors as well as a public adjuster to produce estimates of her property damage, which she, in turn, presented to UPC. [*Id.* ¶¶ 11, 13]. However, Turner claims that UPC has not provided her any response concerning the additional estimates. [*Id.* ¶ 15]. Turner submits that her property continues to suffer weather-related damages on account of UPC's inadequate adjustment of her claim. [*Id.* ¶ 16].

On May 4, 2021, Turner filed a Petition for Breach of Contract and Damages (the "Petition") against UPC in the 9th Judicial District Court, Rapides Parish, Louisiana. [Doc. 1-2]. Generally, the Petition asserts that UPC breached the duty of good faith and fair dealing of an insurer in violation of Louisiana Revised Statutes 22:1892 and 22:1973. [*Id.*]. Additionally, the Petition seeks damages for intentional infliction of emotional distress ("IIED") and mental anguish, which are the subject of this Motion. [Doc. 1-2]. On June 18, 2021, UPC removed the action to this Court based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. [Doc. 1].

UPC filed the instant Motion to Dismiss on July 12, 2021, contending that Plaintiff's IIED and mental anguish claims fail under Rule 12(b)(6). [Doc. 8]. Plaintiff failed to timely file an opposition to the Motion, and as such, the Motion is ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that

the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations," mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

<u>LAW AND ANALYSIS</u>

## I. <u>Intentional Infliction of Emotional Distress</u>

UPC first moves for dismissal of Plaintiff's IIED claim. Under Louisiana law, a plaintiff must establish three elements to recover damages for IIED: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 419 (5th Cir. 2018) (quoting *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991)).

Here, Turner's IIED claim is premised on UPC's alleged breach of its duty of good faith and fair dealing in adjusting her insurance claim. [Doc. 1-2]. Even taking this allegation as true, such conduct does not rise to the level of severity contemplated by Louisiana jurisprudence. *See Prest v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0513, p. 13 (La. 12/4/12); 125 So.3d 1079, 1089 n.5 (holding that, in an action involving a claimant's assertion to mental anguish damages sustained as a result of his insurance agent's negligence, such facts "do not come within the general rule of recovery for … intentional infliction of[] emotional distress"). Accordingly, the Court dismisses Plaintiff's IIED claim with prejudice.

## II. <u>Mental Anguish Damages</u>

Additionally, UPC seeks dismissal of Plaintiff's claim for mental anguish damages. The Petition alleges that Turner is entitled to, among other things, mental

anguish damages resulting from UPC's bad faith adjustment of her insurance claim in violation of Louisiana Revised Statutes 22:1892 and 22:1973. [Doc. 1-2 ¶¶ 17, 19].

UPC maintains that mental anguish damages on account of property damage is a recoverable injury only in limited circumstances – none of which are implicated in this case.[1] The Court disagrees with this reasoning. Turner's claim for mental anguish damages arises out of UPC's purported breach of the duty of good faith and fair dealing set forth in Louisiana Revised Statutes 22:1973 – not out of damage sustained to her property from Hurricane Laura.

Pursuant to Louisiana Revised Statutes 22:1973 (formerly Louisiana Revised Statutes 22:1220), a claimant may recover statutory damages "[i]n addition to any general or special damages" in the event his insurer breaches the duty of good faith and fair dealing prescribed by the statute. As explained by the Fifth Circuit, "[b]y authorizing 'any damages,' including 'any general or special damages,' the legislature pointedly permitted the award of mental anguish damages." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304 (5th Cir. 2009). Thus, provided Turner establishes a Section 1973 claim for breach of the duty of good faith and fair dealing by UPC, she may recover mental anguish damages upon sufficient proof of emotional distress to

---

[1]       "Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 764 F.2d 1084, 1087 (5th Cir. 1985).

support such an award. *See Wegener v. Lafayette Ins. Co.*, 2010-0810, p. 14 (La. 3/15/11); 60 So.3d 1220, 1230; *Dickerson*, 556 F.3d 290.

Notably, UPC does not challenge the sufficiency of Turner's Section 1973 bad faith allegations in its Rule 12(b)(6) Motion and the Court finds that the Petition states a plausible claim for breach of the duty of good faith and fair dealing by UPC at this stage. Accordingly, the Motion is denied as to Plaintiff's claim for mental anguish damages.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART UPC's MOTION TO DISMISS PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL DISTRESS CLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [Doc. 8].

IT IS HEREBY ORDERED that Plaintiff's intentional infliction of emotional distress claim is dismissed WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 18th day of August, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE